<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZENA L. POWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOROUGH OF BERGENFIELD and THE BOROUGH OF BERGENFIELD POLICE DEPARTMENT,<br><br>    Defendants. | No. 23cv21399 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

    Pro se Plaintiff Zena L. Powell seeks to bring this action *in forma pauperis* ("IFP") against Defendants the Borough of Bergenfield and the Borough of Bergenfield Police Department. Plaintiff alleges that Defendants have violated Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-65, by depriving Plaintiff of public parking accommodations. Specifically, there is a lack of accessible parking, and when Plaintiff parks in the only locations accessible to her, she is ticketed. D.E. 1 ("Compl." or "Complaint") at 3-4. Plaintiff seeks punitive, consequential, and compensatory damages. *Id.* at 5. For the reasons discussed below, the Court **GRANTS** Plaintiff's IFP application (D.E. 1-1) and her Complaint (D.E. 1) may **PROCEED**.

    Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes her inability to pay, the Court grants her IFP application. *See* D.E. 1-1.

    However, courts must review an IFP plaintiff's complaint and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune.[1]  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff proceeds pro se, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff brings a claim pursuant to Title II of the ADA, which "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits'" of a public entity's services or "'be subjected to discrimination by any such entity.'"  *Durham v. Kelly*, 82 F.4th 217, 225 (3d Cir. 2023) (quoting 42 U.S.C. § 12132).  To state a claim under Title II, a plaintiff must demonstrate that "(1) they are [a] qualified individual[]; (2) with a disability; and (3) they were excluded from participation in or denied the benefits" of a public entity's services "or were subjected to discrimination by any such entity; (4) by reason of their disability."  *Id.*  A "qualified individual" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, [or] the removal of architectural . . . or transportation barriers[] . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).  Additionally, if a plaintiff seeks compensatory damages, they must additionally demonstrate intentional discrimination under a deliberate indifference standard.  *Id.*

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

Here, construing the Complaint liberally, Plaintiff sufficiently alleges that (1) she is qualified to accessible parking because she is a Bergenfield resident; (2) she has a disability; (3) she has been unable to find and/or use accessible parking spots and has been wrongfully ticketed as a result; and (4) that her lack of accessible parking and/or the tickets issued to her resulted from Defendants' discrimination against Plaintiff due to her disability. *See* Compl. at 4. Additionally, she sufficiently alleges that the discrimination is intentional because Defendants are aware of their ADA obligations but have deliberately ignored these obligations and instead have "[t]arget[ed]" Plaintiff. *Id.* at 3.

**ACCORDINGLY, IT IS**, on this **11th** day of **April**, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, against Defendants may **PROCEED**; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form; and it is further

**ORDERED** that Plaintiff shall complete the form and return it to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** that upon Plaintiff sending the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint,

3

summons, and this Memorandum Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;[2] and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk of the Court shall notify Plaintiff of the opportunity to apply in writing to the Court for the appointment of pro bono counsel; and it is further

**ORDERED** that if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[3]; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

Dated: April 11, 2024

_Evelyn Padin_
Evelyn Padin, U.S.D.J.

---

[2] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that Defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[3] After an attorney files a notice of appearance on behalf of Defendants, the attorney will automatically be electronically served all documents that are filed in the case.