**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZENA L. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>THE BOROUGH OF BERGENFIELD and THE BOROUGH OF BERGENFIELD POLICE DEPARTMENT,<br><br>Defendants. | No. 23cv21399 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Zena L. Powell ("Plaintiff" or "Powell") alleges that the Borough of Bergenfield ("Bergenfield") and the Borough of Bergenfield Police Department ("BBPD") discriminated against her due to her disabilities in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*,[1] and various state laws. D.E.s 1 ("Compl."), 3 ("Memo"), 4 ("Letter").[2] Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 12 ("Motion").[3] Plaintiff does not oppose the Motion. The Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Complaint ***without prejudice***.

---

[1] As the Court explains *infra*, although Plaintiff selects 42 U.S.C. § 1983 in her form Complaint, it is clear she means to bring an ADA action.
[2] Plaintiff improperly filed a "Memorandum of Law" for partial summary judgment and made legal arguments in a letter to the Court. D.E.s 3, 4. However, due to Plaintiff's *pro se* status, the Court will construe her submissions together as the Complaint.
[3] Defendants were ordered to re-submit their moving brief on September 23, 2024, D.E. 16, to comply with the page limits set forth in Local Rule 7.2. The Court refers to the arguments set forth in the re-submitted brief. D.E. 17 ("Defs. Br.").

## I. BACKGROUND[4]

Powell is a resident of Bergenfield who has been handicapped since 2016. Memo at 4. She alleges that Bergenfield fails to provide an adequate number of handicapped on-street parking spaces. *Id.* Specifically, Bergenfield provides "only [t]wo handicapped spaces on a bl[ock] of more than 200 residents of whom at least 20 are disabled or disabled and senior." Compl. at 4. Powell alleges that she sought a personalized parking space, which Bergenfield stated it did not offer. Memo at 6.

Powell claims that Bergenfield's failure to provide more handicapped parking spaces has resulted in excessive parking tickets (as she parks in front of a fire hydrant) and threats of jail time. *Id.* at 4; Compl. at 4. Powell discussed the lack of on-street parking with the BBPD and was told "the officers can issue the summons if they should choose to do so." Memo at 4. The BBPD Chief then arranged for Powell to obtain a parking pass for "the private parking lot of the complex." *Id.* However, this solution was inadequate as "when the private lots were full the issue would always arise again and the Plaintiff would be ticketed." *Id.*

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (cleaned up). As Plaintiff is proceeding *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald

[4] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## III. ANALYSIS

### A. The BBPD is a Proper Party

Defendants argue that Powell improperly alleges a Section 1983 claim against the BBPD and therefore the BBPD should be dismissed from this action. Defs. Br. at 13. The Court construes Powell's Complaint as alleging only one claim under federal law: the ADA. Accordingly, Defendants' argument is meritless.

It is true that police departments are arms of municipalities and lack a separate legal existence. *See, e.g.*, *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes

of section 1983 liability"); *Michaels v. State of N.J.*, 955 F. Supp. 315, 317 n.1 (D.N.J. 1996) ("The Newark Police Department is no more than a department within the City of Newark, and lacks a separate legal existence.").

However, although Powell completed a form Complaint identifying Section 1983 as a cause of action, it is clear from her allegations that she means to bring a claim under Title II of the ADA. *See* Compl.; Memo; Letter. Police departments may be sued under the ADA. *Haberle v. Troxell*, 885 F.3d 170, 179-80 (3d Cir. 2018) ("The text of the ADA is deliberately broad and police departments fall[] squarely within the statutory definition of a public entity.") (cleaned up). Furthermore, "[w]hereas two circuit courts have found the ADA's comprehensive statutory scheme preclude[s] a § 1983 claim, [the Third Circuit] has not confronted the issue head on and district courts are split on the issue." *Oden v. SEPTA*, 137 F. Supp. 3d 778, 793 (E.D. Pa. 2015) (citing *Okwu v. McKim*, 682 F.3d 841, 844-45 (9th Cir. 2012), and *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1530-31 (11th Cir. 1997)). Accordingly, the Court construes the Complaint as alleging only an ADA claim and rejects Defendants' arguments regarding the BBPD.

### B. Powell Fails to State an ADA Claim

Powell asserts that for "every 25 residents there are suppose[d] to be 2 handicapped spaces on my block there are more than 100 residents and only 2 spaces." Letter at 3. Defendants argue that Powell's ADA claim fails because there is no requirement to allocate personalized parking spaces on public streets and that Powell's claim of a per-resident parking space requirement "lacks a legal basis as it is not supported by the ADA, its implementing regulations, or any other known federal or state law." Defs. Br. at 15, 25. For the reasons below, the Court finds that Powell fails to state an ADA claim.

*First*, Powell does not sufficiently allege Defendants violated the ADA by providing an insufficient number of parking spaces. It is true that the ADA Accessibility Guidelines ("ADAAG") § 208.1 mandates a requisite number and form of parking spaces. *See Betancourt-Colon v. Arcos Dorados Puerto Rico, LLC*, No. 21-1311, 2024 WL 124220, at *5 (D. Pr. Jan. 11, 2024) (citing ADAAG § 208.1). Section 208.2 requires that for every 1-25 parking spaces provided in a parking facility, one accessible parking space is required; for every 26-50 parking spaces provided in a parking facility, two accessible parking spaces are required. Powell alleges that there are more than 100 residents and only two spaces, and therefore Bergenfield violates the ADA. However, Powell does not allege how many total *spaces* are provided.

The "number of parking spaces maintained by defendants" and how many "handicapped-accessible parking spaces" are provided determines whether Defendants are in compliance with the ADA's requirements. *Theodore v. 99 Restaurants, LLC*, No. 18-368, 2019 WL 4861201, at *3 (D.N.H. Oct. 2, 2019). Powell alleges that Bergenfield has "only [t]wo handicapped spaces on a block of more than 200 residents . . . " and that there are "only two spaces on a block of 200 and only 8-10 spaces in total of a resident complex of more than one [t]housand people." Compl. at 4-5. She also alleges that Bergenfield failed to provide an adequate "number of handicapped on-street parking spaces for a residence complex with more than 200 residents on each block and more than ten handicapped residents." Memo at 4. Lastly, Powell alleges that "there are more than 100 residents and only 2 spaces." Letter at 3. As Powell's inconsistent allegations are restricted to the number of accessible parking spaces per resident, the Court cannot discern an ADA violation for failure to provide accessible parking within the required ratios under § 208.2.

*Second,* to the extent Powell alleges an ADA violation based on her denial of a personalized parking space, the Court finds no basis in law for such a violation. To state a claim for relief under

the ADA, a plaintiff must show that "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of h[er] disability." *Johnson v. Amtrak*, 390 F. App'x 109, 113 (3d Cir. 2010) (citing 42 U.S.C. § 12132; *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009)). Under the ADA, an "otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the [entity] offers." *Alexander v. Choate*, 469 U.S. 287, 301 (1985).

Construing the Complaint liberally, Powell asserts that Defendants' failure to adopt and provide a program offering assigned parking spaces in front of residents' homes constitutes disability discrimination. Memo at 7-8. The Court disagrees. Powell concedes that Bergenfield "stated there is presently no program" offering personalized parking spaces, not that she was *denied access* to one provided. *Id.* at 8. However, Powell will be afforded an opportunity to cure her pleadings. The Court reminds Powell that should she amend her Complaint, she must do so in one document in compliance with Fed. R. Civ. P. 8(a).

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Powell's State Law Claims

This Court "may decline to exercise supplemental jurisdiction [over state law claims] if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the ADA claim, the Court declines to exercise supplemental jurisdiction over Powell's remaining state law claims.

## IV. CONCLUSION

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 12, and **DISMISS** the Complaint ***without prejudice***. D.E. 1. Plaintiff will have 45 days from the entry of the accompanying Order to file an amended complaint to cure the deficiencies identified herein. An appropriate Order accompanies this Opinion.

Dated**: March 13, 2025**

Evelyn Padin, U.S.D.J.