NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZENA L. POWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOROUGH OF BERGENFIELD and THE BOROUGH OF BERGENFIELD POLICE DEPARTMENT,<br><br>    Defendants. | No. 23cv21399 (EP) (JRA)<br><br>**OPINION** |

**PADIN**, **District Judge.**

*Pro se* Plaintiff Zena L. Powell ("Plaintiff" or "Powell") alleges the Borough of Bergenfield ("Bergenfield") and the Borough of Bergenfield Police Department ("BBPD") discriminated against her due to her disabilities in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act" or "RA"). D.E. 36 ("Amended Complaint" or "Am. Compl.").

This Court previously dismissed Plaintiff's complaint, D.Es. 1, 3, & 4 (collectively referred to as the original "Complaint") without prejudice and gave her 45 days to amend. D.Es. 30 ("MTD Opinion" or "MTD Op.") & 31 ("MTD Order"). Plaintiff then filed the Amended Complaint late. *See* Dkt. Following a dispute between the parties regarding the timeliness and futility of Plaintiff's Amended Complaint, this Court ultimately allowed Plaintiff to proceed with the Amended Complaint. D.E. 35. Defendants now move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 39-3 ("Motion" or "Mot.").[1] Plaintiff opposes the

---

[1] Defendants filed their Notice of Motion at D.E. 39.

Motion.  D.E. 42 ("Opposition" or "Opp'n").  Defendants reply.  D.E. 43 ("Reply").  The Court

decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the

reasons below, the Court will **GRANT** Defendants' Motion and **DISMISS** Plaintiff's Amended

Complaint *without prejudice*.

## I.      BACKGROUND[2, 3]

Powell is a former resident of Bergenfield who has been handicapped since 2016.  Am.

Compl. ¶ 5.  She alleges that Bergenfield fails to provide a program for evaluating requests for

personalized on-street parking spaces.  *Id.* ¶ 1.  As a result of Bergenfield's failure to provide

adequate accessible parking, Plaintiff has "repeatedly" been issued parking tickets, and therefore

experiences "emotional distress, financial hardship, and threats of incarceration for unpaid parking

tickets."  *Id.* ¶¶ 13, 16.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all factual allegations

as true, construes the complaint in the plaintiff's favor, and determines "whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cnty. of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation modified).  As Plaintiff is proceeding *pro*

*se*, the Court holds the Amended Complaint to a less stringent standard than one drafted by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the Court need not "credit a

*pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273,

---

[2] The facts in this section are taken from the well-pled factual allegations in the Amended
Complaint, which the Court presumes to be true for purposes of resolving the motion.  *See Ashcroft*
*v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The allegations in the Amended Complaint are substantially similar to those in the Complaint,
and the Court refers to its MTD Opinion for a full factual background.  The Court briefly
summarizes the relevant facts here.

282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## III.    ANALYSIS

Defendants argue that the Amended Complaint should be dismissed because Plaintiff (1) fails to cure the deficiencies in the Complaint, (2) does not plead a claim of deliberate indifference, and (3) lacks standing to pursue an action for injunctive relief under the ADA. Plaintiff opposes the Motion, arguing that she has cured the deficiencies identified in this Court's MTD Opinion, has properly alleged deliberate indifference, and maintains standing based on her desire to return to Bergenfield. *See* Opp'n. As explained below, the Court disagrees with Plaintiff, and will therefore **GRANT** the Motion.

### A.       Powell Again Fails to State an ADA or Rehabilitation Act Claim

This Court previously dismissed Plaintiff's Complaint for failure to state an ADA claim. MTD Opinion at 4–6.  Powell's Amended Complaint asserts substantially similar allegations to her Complaint.  Defendants argue that Powell's Amended Complaint did not cure the deficiencies in her Complaint.  Mot. at 9–10.  The Court agrees.

*First*, to establish a violation of Title II of the ADA or the Rehabilitation Act, a plaintiff must demonstrate that: "(1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability."  *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235 (3d Cir. 2013) (citing *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176 (3d Cir. 2009)).  The Third Circuit has explained that "[w]ith limited exceptions, the same legal principles govern ADA and RA claims."  *Id.* at 235–36.  Additionally, a Plaintiff bringing claims under the RA must demonstrate that the entity that she alleges discriminated against her receives federal funding and that her disability was the sole reason for the discrimination.[4]  29 U.S.C. § 794(a); *CG*, 734 F.3d at 235 n.10.

The Court previously rejected Powell's assertion that Defendants' failure to create or maintain a program for assessing requests for personalized accessible parking spaces on public streets constitutes disability discrimination under the ADA.  MTD Opinion at 6.  In statements almost identical to Plaintiff's Complaint, Plaintiff concedes in her Amended Complaint that Bergenfield stated "that no program existed for such accommodations," not that she was denied

---

[4] While Plaintiff now alleges her claims under both the ADA and Rehabilitation Act, her Amended Complaint is limited to allegations under the ADA.  Plaintiff makes only passing references to the Rehabilitation Act and does not make any claims regarding whether Defendants receive federal funding or whether the alleged discrimination was based solely on Plaintiff's status as a disabled individual.  Therefore, Plaintiff does not sufficiently plead a claim under the RA.

access to a program provided.  Am. Compl. ¶ 12.  Therefore, Powell's Amended Complaint again fails to state an ADA or Rehabilitation Act claim.  However, Powell will be afforded one more opportunity to cure her pleadings.[5]

*Second*, this Court previously dismissed Plaintiff's ADA claim on the grounds that she failed to adequately allege that Defendants violated the ADA by providing an insufficient number of accessible parking spaces.  The Court explained that the ADA Accessibility Guidelines ("ADAAG") § 208.1 require a minimum number of accessible spots based on the *total* number of parking spots.  MTD Opinion at 5.  In assessing Plaintiff's allegations, the Court found that "Powell alleges that there are more than 100 residents and only two [accessible] spaces, and therefore Bergenfield violates the ADA.  However, Powell does not allege how many total spaces are provided." *Id.*

Powell's Amended Complaint again fails to allege the total number of parking spaces provided.  The only allegation in Powell's Amended Complaint concerning the number of accessible parking spaces is that there are "at least ten disabled individuals on Plaintiff's block alone," with only two accessible on-street parking spaces for the area.  Am. Compl. ¶ 9.  Powell still does not allege how many *total* spaces are provided.  The Court re-emphasizes that the total number of spaces is essential to determining whether Defendants are in compliance with the ADA's requirements.  MTD Opinion at 5; *Theodore v. 99 Restaurants, LLC*, No. 18-368, 2019 WL 4861201, at *3 (D.N.H. Oct. 2, 2019).  As Powell's allegations depend on the number of accessible parking spaces per disabled individual, the Court still cannot discern an ADA violation for failure to provide accessible parking within the required ratios under § 208.2.  In sum, having

---

[5] The Court instructs Powell that failure to cure the deficiencies identified herein and in the MTD Opinion will result in a dismissal with prejudice.

found that Plaintiff failed to state an ADA or RA claim, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's ADA and RA claims.

> ### B.      Plaintiff Fails to Plead Deliberate Indifference

Plaintiff also seeks compensatory damages "for the harm suffered by Plaintiff due to the Defendants' discrimination." Am. Compl., Prayer for Relief at C. Defendants argue that Plaintiff alleges deliberate indifference "in a conclusory fashion" and call Plaintiff's allegations "threadbare and formulaic." Motion at 15–18. The Court agrees.

To recover compensatory damages under the ADA, a plaintiff must prove intentional discrimination under a deliberate indifference standard. *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023). The standard for deliberate indifference requires Plaintiff to prove "(1) *knowledge* that a federally protected right is substantially likely to be violated . . . and (2) *failure to act* despite that knowledge." *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 265 (3d Cir. 2013). Plaintiff does not make allegations to support a claim of deliberate indifference.

Plaintiff alleges only that "Defendants' conduct was intentional and carried out with deliberate indifference to the rights of Plaintiff." Am. Compl. ¶ 23. As this statement is a legal conclusion, the Court will not credit this item. *Grohs*, 984 F. Supp. at 282 (quoting *Morse*, 132 F.3d at 906). Therefore, Plaintiff has not pleaded any allegations that support a claim for deliberate indifference. Plaintiff's briefing suggests that she gave Bergenfield "repeated notice, including a handwritten demand letter." Opp'n at 14. Plaintiff is instructed that she may not amend her pleadings through briefing. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations and citation omitted). But the Court will give Powell one more opportunity to cure her pleadings. As a result of Plaintiff's failure to plead deliberate

indifference, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's claim for compensatory damages.

##### C.        Plaintiff Lacks Standing for Injunctive Relief as Pled

Finally, the Court considers Defendants' contention that Plaintiff lacks standing to assert a claim for prospective injunctive relief.  Mot. at 19.  Powell requests that the Court "[o]rder[] Defendants to adopt and implement a policy for residential accessible on-street parking upon request by qualified disabled residents."  Am. Compl., Prayer for Relief at B.  Defendants argue that Plaintiff lacks standing to seek injunctive relief, as she "no longer resides in Bergenfield," and therefore "she is not subject to the alleged harm."[6]  Mot. at 19.  Plaintiff contends in her briefing that though she moved from Bergenfield to Fort Lee, she maintains standing based on a claim that she is deterred from returning to Bergenfield.  Opp'n at 16–19.  The Court agrees with Defendants: As currently pled, Plaintiff lacks standing to bring a claim for prospective injunctive relief.

"Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *Davis*, 824 F.3d at 346 (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).  A plaintiff can establish that their case presents a controversy, and, consequently, that they have standing, by demonstrating: (1) an injury in fact, (2) a sufficient causal connection between the injury claimed and the conduct complained of, and (3) a likelihood that a favorable decision would redress the party's complained-of injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

---

[6] Defendants improperly move to dismiss Plaintiff's request for injunctive relief under Federal Rule of Civil Procedure 12(b)(6).  Because "[s]tanding is a jurisdictional matter," a motion for dismiss for lack of standing is properly brought pursuant to Federal Rule Civil Procedure 12(b)(1). *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  Therefore, the Court analyzes Defendant's motion to dismiss Plaintiff's injunctive relief for lack of standing under Rule 12(b)(1).

Courts in this District apply a four-factor test when analyzing whether an ADA plaintiff alleges a sufficient injury for standing purposes. *Wittmann v. Island Hosp. Mgmt.*, No. 09-3698, 2011 WL 689613, at *5 (D.N.J. Feb. 18, 2011) (compiling cases). "Courts consider: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Id.* Powell alleges that she "had to move from [her] residence and relocate to Fort Lee[,] New Jerey [sic] to stop the ticketing issue in Bergenfield." Am. Compl. ¶ 24. But Powell does not make any allegations regarding her plans to return to Bergenfield, including the definiteness of her plan to return and the frequency of traveling there. Therefore, the Court will **GRANT** Defendant's Motion and **DISMISS** Plaintiff's claim for injunctive relief as pled.

### D.    Plaintiff's Apparent Use of Generative Artificial Intelligence

Finally, when reviewing Plaintiff's Opposition, the Court, like Defendants, identified several inaccurate quotations and citations. Namely, Plaintiff includes quotations from real cases, but the quotations are fabricated. Defendants list numerous examples. *See* Reply at 2–3.

The presence of fabricated quotations in a brief is a sign that the brief's author may have used generative artificial intelligence ("GAI"). Pursuant to Section I(B) of the Undersigned's Judicial Preferences, if a party uses GAI in any court filings, they must include a mandatory disclosure that: "(1) identifies the GAI program; (2) identifies the portion of the filing drafted by the GAI; and (3) certifies that the GAI work product was diligently reviewed by a human being for accuracy and applicability." While it seems that Plaintiff utilized GAI in drafting her Opposition, Plaintiff has not provided such disclosure.

Furthermore, to the extent Plaintiff has filed a brief with fabricated quotations, she may have violated Federal Rule of Civil Procedure 11(b). That rule "imposes . . . an affirmative duty to conduct an 'inquiry reasonable under the circumstances' to ensure that their (1) '[filings are]

not being presented for any improper purpose,' (2) 'legal contentions are warranted by existing law or by a nonfrivolous argument,' (3) "factual contentions have evidentiary support,' and (4) 'denials of factual contentions are warranted on the evidence.'" *Barker v. United Airlines, Inc.*, No. 25-1539, 2026 WL 949093, at *1 (3d Cir. Apr. 8, 2026).  Rule 11 applies to all parties. *See Zelma v. Penn LLC*, No. 19-8725, 2020 WL 278763, at *3 (D.N.J. Jan. 17, 2020) ("*Pro se* litigants are not shielded from the sanctions offered by Rule 11." (quoting *Skoorka v. Kean Univ.*, No. 16-3842, 2017 WL 6539449, at *3 (D.N.J. Dec. 21, 2017))).

A court may *sua sponte* "order a . . . party to show cause why conduct . . . has not violated Rule 11(b)." *Allbaugh v. Univ. of Scranton*, No. 24-2237, 2025 WL 2484188, at *5 (M.D. Pa. Aug. 28, 2025) (quoting Fed. R. Civ. P. 11(c)).  Given the Court's suspicion that Plaintiff has not only violated the Undersigned's Judicial Preferences but also Rule 11 by filing a submission with fabricated quotations, the Court orders Powell to show cause as described in the accompanying Order.

## IV.    CONCLUSION

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 39, and **DISMISS** the Amended Complaint ***without prejudice***.  D.E. 36.  Plaintiff will have **45 days** to file an amended complaint to cure the deficiencies identified herein.   An appropriate Order accompanies this Opinion.

Dated: May 12, 2026

_____
Evelyn Padin, U.S.D.J.

9